UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

NICOLE DIAMOS,

     Plaintiff,

v.

BAHAMAS PARADISE CRUISE LINE, LLC,
a Florida Limited Liability Corporation, BPCL MANAGEMENT, LLC,
a Florida Limited Liability Corporation CRUISE OPERATOR, INC.,
a Florida corporation, CELEBRATION CRUISE OPERATOR, INC.,
a Florida corporation, CELEBRATION CRUISE LINE, LLC.
a Florida Limited Liability Corporation, and CELEBRATION
CRUISE LINE MANAGEMENT, LLC,  a Florida Limited Liability Corporation,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW, Plaintiff NICOLE DIAMOS, a citizen and resident of the state of Florida, and files this Complaint against Defendants, BAHAMAS PARADISE CRUISE LINE, LLC, a Florida limited liability company with its principal place of business in Florida, BPCL MANAGEMENT, LLC., a Florida limited liability company with its principal place of business in Florida, CRUISE OPERATOR, INC., a Florida corporation with its principal place of business in Florida, CELEBRATION CRUISE OPERATOR, INC., a Florida corporation with its principal place of business in Florida,  CELEBRATION CRUISE LINE, LLC, a Florida limited liability company with its principal place of business in Florida, and CELEBRATION CRUISE LINE MANAGEMENT LLC, a Florida limited liability company with its principal place of business in Florida, and  alleges:

## JURISDICTION, VENUE AND PARTIES

1.      This is an action for damages in excess of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

2.      Plaintiff NICOLE DIAMOS is sui juris and is a resident and citizen of the State of Florida.

3.      Defendant BAHAMAS PARADISE CRUISE LINE, LLC, is a Florida limited liability company with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

4.      Defendant BPCL MANAGEMENT, LLC, is a Florida limited liability company with its principal place of business in Broward County, Florida.   For federal jurisdictional purposes, it is a citizen of Florida.

5.      Defendant CRUISE OPERATOR, INC. is a Florida corporation with its principal place of business in Broward County, Florida.  For federal jurisdictional purposes, it is a citizen of Florida.

6.      Defendant CELEBRATION CRUISE OPERATOR, INC, is a Florida corporation with its principal place of business in Broward County, Florida. For federal jurisdictional purposes, it is a citizen of Florida.

7.      Defendant CELEBRATION CRUISE LINE, LLC is a Florida limited liability company with its principal place of business in Broward County, Florida.   For federal jurisdictional purposes, it is a citizen of Florida.

8.      Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC is a Florida limited liability company with its principal place of business in Broward County, Florida.  For

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

federal jurisdictional purposes, it is a citizen of Florida.

9.      This court has subject matter jurisdiction in admiralty pursuant to 28 U.S.C. §1333.

10.     At all material times, the Defendants have all conducted ongoing substantial and not isolated business activities in Broward County, Florida, such as operating maritime cruise vessels for paying passengers, including the Plaintiff, so that in general personam jurisdiction exists in the United States District Court for the Southern District of Florida over all Defendants under the Florida Long Arm Statute, Florida Statutes Section 48.193(2).

11.     At all material times, the Defendants have all operated, conducted, engaged in and carried on business in the State of Florida, and have had offices or agencies in the State of Florida.  As alleged below, the Plaintiff's cause of action against each Defendant arises out of the Defendant's business activities operated, conducted and carried on within the State of Florida, specifically their operation of passenger cruises including the cruise on which the Plaintiff was injured as alleged below, so that specific in personam jurisdiction over each Defendant exists pursuant to Florida Statutes Section 48.193(1)(a)(1).

12.     In the operative ticket contract, the Defendants operating the cruise during which the Plaintiff was injured require fare paying passengers such as the Plaintiff to bring any lawsuit against them arising out of injuries or events occurring on the cruise voyage in this federal judicial district. Thus, venue is proper in this district court.

13.     Furthermore, each Defendant's principal place of business is located in Broward County, Florida, within this district.  Accordingly, venue is also proper in this Court pursuant to 28 U.S.C. §1391.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

14.     Plaintiff has complied with all conditions precedent to bringing this action, including providing the Defendants a timely written notice of claim as required by the ticket contract.

## ALLEGATIONS COMMON TO ALL COUNTS

15.     The M/S "GRAND CELEBRATION" is a passenger vessel.

16.     At all material times, including the accident date of May 24, 2016, the Plaintiff was a fare paying passenger and therefore was lawfully present aboard the vessel.

17.     At all material times, the Defendant or Defendants operating the M/S GRAND CELEBRATION owed the Plaintiff, as a fare paying passenger lawfully on board the cruise vessel, a duty of reasonable care for her safety.

18.     On or about May 24, 2016, the Plaintiff suffered serious injuries as she was on board the M/S GRAND CELEBRATION as a fare paying passenger. The Plaintiff slipped and fell as she was walking by the 10th Floor dining room area, where maintenance workers were cleaning and using a buffer on the floor. Plaintiff also suffered chemical burns due to the chemicals that were being used to clean the area.

19.     At all material times, there was a wet, foreign or transitory substance on  the surface of the floor in the area where the Plaintiff fell, creating a condition dangerous to passengers traversing the area, including the Plaintiff, due to its being wet and hence slippery.

20.     At all material times, the Defendant(s) had either created the dangerous wet condition of the floor referenced above, actually knew of it, or should in the exercise of reasonable care shave known of the condition on the floor due to the length of time it had existed.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

21.     Notwithstanding its creation of, actual knowledge of, or constructive knowledge of the dangerous wet and slippery condition of the floor as referenced above, the Defendant(s) failed before the time of the Plaintiff's fall either to correct the condition, to take reasonable steps to correct it, or to take reasonable steps to warn passengers adequately of the condition.  The Defendant(s) thereby failed to exercise reasonable care for the safety of its passengers including the Plaintiff and was thereby negligent.

22.     The Defendant(s) specific negligent acts or omissions consist of or more of the following:

a.      Failing to maintain the floor surface of the 10th Floor dining room area in a reasonably safe condition;

b.      Failing to conduct routine inspections of the area where Plaintiff fell for wetness, slipperiness or contaminants;

c.      Failing to establish, implement, and enforce policies and procedures regarding cleaning and maintenance of the area where Plaintiff fell;

d.      Failing to warn Plaintiff that the area where she fell was wet, slippery or dangerous;

e.      Failing timely to correct the wet or slippery condition of the floor of the dining room area;

f.      Failing to warn;

g.      Failing otherwise to exercise reasonable care in managing and operating the dining room area on the 10th floor on the subject vessel;

h.      Additional acts of negligence not yet discovered.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

23.     As a direct and proximate result of the slip and fall described above and hence of the Defendant's negligence, the Plaintiff was injured in and about her body and extremities, suffered pain therefrom, sustained mental anguish, sustained disfigurement, disability, aggravation of preexisting injuries, and the inability to lead a normal life. Furthermore, she sustained loss of earnings in the past and future, and incurred medical, hospital, and other out of pocket and health care expenses as a result of her injuries.  These damages are permanent or continuing in their nature and the Plaintiff will continue to sustain and incur these damages in the future.

## COUNT I – NEGLIGENCE AS TO DEFENDANT
## BAHAMAS PARADISE CRUISE LINE, LLC

24.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

25.     At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

26.     At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

27.     At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity with exclusive control over the floors near the dining room area on the 10th floor.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

28.     At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

29.     At all material times, Defendant BAHAMAS PARADISE CRUISE LINE, LLC was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described above.

30.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant BAHAMAS PARADISE CRUISE LINE, LLC, the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant BAHAMAS PARADISE CRUISE LINE, LLC.

## COUNT II – NEGLIGENCE AS TO DEFENDANT
## BPCL MANAGEMENT, LLC

31.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

32.     At all material times, Defendant BPCL MANAGEMENT, LLC was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

33.     At all material times, Defendant BPCL MANAGEMENT, LLC was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

34.     At all material times, Defendant BPCL MANAGEMENT, LLC was the entity with exclusive control over the floors near the dining room area on the 10th floor.

35.     At all material times, Defendant BPCL MANAGEMENT, LLC was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

36.     At all material times, Defendant BPCL MANAGEMENT, LLC was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described above.

37.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant BPCL MANAGEMENT, LLC, the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant BPCL MANAGEMENT, LLC.

## COUNT III - NEGLIGENCE AS TO DEFENDANT CRUISE OPERATOR, INC.

38.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

39.     At all material times, Defendant CRUISE OPERATOR, INC. was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

40.     At all material times, Defendant CRUISE OPERATOR, INC. was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

41.     At all material times, Defendant CRUISE OPERATOR, INC. was the entity with exclusive control over the floors near the dining room area on the 10th floor.

42.     At all material times, Defendant CRUISE OPERATOR, INC. was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

43.     At all material times, Defendant CRUISE OPERATOR, INC. was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described.

44.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CRUISE OPERATOR, INC., the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant CRUISE OPERATOR, INC.

## COUNT IV -NEGLIGENCE AS TO DEFENDANT CELEBRATION CRUISE OPERATOR, INC.

45.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

46.     At all material times, Defendant CELEBRATION CRUISE OPERATOR, INC. was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

47.     At all material times, Defendant CELEBRATION CRUISE OPERATOR, INC. was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

48.     At all material times, Defendant CELEBRATION CRUISE OPERATOR, INC. was the entity with exclusive control over the floors near the dining room area on the 10th floor.

49.     At all material times, Defendant CELEBRATION CRUISE OPERATOR, INC. was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

50.     At all material times, Defendant CELEBRATION CRUISE OPERATOR, INC. was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described.

51.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CELEBRATION CRUISE OPERATOR, INC., the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant CELEBRATION CRUISE OPERATOR, INC.

## COUNT V - NEGLIGENCE AS TO DEFENDANT CELEBRATION CRUISE LINE, LLC.

52.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

53.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC.was engaged in the business of operating maritime cruise vessels for consideration paid by fare

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 • Broward (954) 845-0535 • Fax (305) 371-5749 • Toll Free (877) 475-2905
www.injuryattorneyfla.com

paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

54.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC.was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

55.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC.was the entity with exclusive control over the floors near the dining room area on the 10th floor.

56.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC.was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

57.     At all material times, Defendant CELEBRATION CRUISE LINE, LLC.was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described.

58.     As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CELEBRATION CRUISE LINE, LLC., the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant CELEBRATION CRUISE LINE, LLC.

<u>COUNT VI -NEGLIGENCE AS TO DEFENDANT</u>
<u>CELEBRATION CRUISE LINE MANAGEMENT, LLC</u>

59.     The Plaintiff adopts, realleges and incorporates by reference all allegations of Paragraphs 1 through 23 of this Complaint and further alleges the following.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

60.    At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.was engaged in the business of operating maritime cruise vessels for consideration paid by fare paying passengers, including the Plaintiff, and for this purpose operated among other vessels the M/S GRAND CELEBRATION referred to in Paragraphs 1 through 23 above.

61.    At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.was the entity operating the M/S GRAND CELEBRATION and accordingly was the entity having a duty of reasonable care for the safety of passengers including the Plaintiff.

62.    At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.was the entity with exclusive control over the floors near the dining room area on the 10th floor.

63.    At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.was the entity having constructive notice of, actual notice of, or creating the dangerous condition of the floors near the dining room area on the 10th floor.

64.    At all material times, Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.was the entity failing to exercise reasonable care and engaging in the negligent acts or omissions described.

65.    As a direct and proximate result of the negligence and failure to exercise reasonable care of Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC the Plaintiff has incurred and will in the future incur the damages alleged in Paragraph 23 above.

**WHEREFORE,** the Plaintiff demands compensatory damages and costs from Defendant CELEBRATION CRUISE LINE MANAGEMENT, LLC.

GERSON & SCHWARTZ, P.A. • 1980 Coral Way • Miami, Florida 33145-2624
Dade (305) 371-6000 •Broward (954) 845-0535 • Fax (305) 371-5749 •Toll Free (877) 475-2905
www.injuryattorneyfla.com

## <u>DEMAND FOR JURY TRIAL</u>

The Plaintiff hereby demands trial by jury of all issues so triable as of right.

Executed this 26TH day of June, 2017.

**s/NICHOLAS I. GERSON**
NICHOLAS I. GERSON
Florida Bar No. 0020899
ngerson@gslawusa.com
filing@gslawusa.com
ibrito@gslawusa.com
**s/PHILIP M. GERSON**
PHILIP M. GERSON
Florida Bar No. 127290
pgerson@gslawusa.com
**s/EDWARD S. SCHWARTZ**
EDWARD S. SCHWARTZ
Florida Bar No. 346721
eschwartz@gslawusa.com
GERSON & SCHWARTZ, P.A.
Attorneys for Plaintiff
1980 Coral Way
Miami, FL 33145-2624
Telephone:    (305) 371-6000
Facsimile:    (305) 371-5749
